NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HERIBERTO DELGADO, | Hon. Dennis M. Cavanaugh |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 12-cv-5254 (DMC) |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by *pro se* Plaintiff Heriberto Delgado ("Plaintiff") for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). (Application for *Pro Bono* Counsel, Aug. 21, 2012, ECF No. 2). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering Plaintiff's submissions, and based upon the following, it is the finding of the Court that Plaintiff's application is **denied**.

I.   BACKGROUND[1]

The claimant was found disabled for Supplemental Security Income ("SSI") in or around April 2000. Plaintiff was a legalized special agricultural worker from Cuba admitted in September 1994. In or around September 2005, he was requested to submit to his local Social Security field office the nature of his alien status at that point in time. Plaintiff either did not cooperate or no longer had the proper alien status and his SSI was suspended and ultimately terminated. Plaintiff

---

[1] Facts contained herein are taken for the Social Security Administration's ("SSA") Office of Disability Adjudication and Review Decision. (SSA's Decision, Aug. 21, 2012, ECF No. 1-3).

filed a new SSI application on January 27, 2010 but the application was again denied due to his alien status. Evidence was submitted showing that Plaintiff was a qualified alien from Cuba lawfully admitted for permanent resident in the United Stated and had been disabled since October 1, 1999. On March 11, 2011, an Administrative Law Judge found that Plaintiff had met the alien eligibility requirements for SSI since January 27. 2010.

## II. LEGAL STANDARD

In Tabron v. Grace, the Third Circuit established specific guidelines for determining whether the appointment of *pro bono* counsel is warranted. See 6 F.3d 147, 155, 158 (3d Cir. 1993). The Third Circuit emphasized that, as a threshold matter, courts must analyze the substance of an applicant's underlying claim for merit before engaging in any further evaluation. See id. Only after a determination that an applicant's claim has merit in fact and law should a court move on to consider and evaluate the factors outlined in Tabron. See id. at 155. The Tabron factors include whether:

> (1) the claim has some merit;
> (2) the *pro se* party lacks the ability to present an effective case without an attorney;
> (3) the legal issues are complex or, the ultimate legal issues are not complex, but the *pro se* party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs;
> (4) factual investigation will be necessary and the party is not adequately able to pursue said investigation;
> (5) the case is likely to turn on credibility determinations;
> (6) the case will require expert testimony; and
> (7) the party is unable to attain and afford counsel on his/her own behalf.

See Parham v. Johnson, 126 F.3d 454, 357 (3d Cir. 1997); Tabron, 6 F.3d at 155-56.

Courts must consider the ability of the plaintiff to present his or her case without the assistance of counsel. See id. at 156. In making this determination, courts "generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." Id. Courts should "also consider the difficulty of particular legal issues . . . the degree to which

factual investigation will be required and the ability of the indigent plaintiff to pursue investigation." Id.

### III. ANALYSIS

In analyzing the merits of Plaintiff's Complaint, the Court is cognizant that a *pro se* plaintiff's complaint is held to a less stringent standard than pleadings filed by an attorney. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Here, Plaintiff alleges low income and his inability to speak English in support of his Application for Pro Bono Counsel. (Application for Pro Bono Counsel, Aug. 21, 2012, ECF No. 2). Although Plaintiff's Complaint will require significant development, it seems Plaintiff has established his claim has some merit to allow the Court to proceed to the second stage of the *pro bono* counsel analysis. It is clear that Plaintiff, as a Spanish speaker, will require assistance from a lawyer to present an effective case. However, as the determination of appropriate SSI benefits hinges on Plaintiff's alien status, it is not clear that additional factual investigation outside of this issue will be required. Further, there is no evidence this case will turn on credibility determinations or that expert testimony will be required. Based on a review of Plaintiff's Complaint and application, the Court finds that appointment of *pro bono* counsel is not appropriate at this time.

### IV. CONCLUSION

For the reasons stated, it is the finding of the Court that Plaintiff's application for appointment of *pro bono* counsel is **denied** without prejudice. An appropriate Order accompanies this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:    March 28 2013
Orig.:   Clerk
cc:      Counsel of Record
         The Honorable Mark Falk, U.S.M.J.
         File